IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BANKS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3498 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**BARTLE III, J.**                                                                                                     **AUGUST 3, 2020**

      Plaintiff Robert Banks, proceeding *pro se*, filed this civil action, pursuant to 42 U.S.C. § 1983, against the City of Philadelphia and "Traffic Court" alleging that the suspension of his commercial driver's license ("CDL") due to nonpayment of certain traffic tickets violated his constitutional rights.  (ECF No. 2.)  He also filed a Motion for Leave to Proceed *In Forma Pauperis.*  (ECF No. 1.)  For the following reasons, the Court will grant Banks leave to proceed *in forma pauperis* and dismiss his Complaint as legally baseless.

## I.     FACTUAL ALLEGATIONS[1]

      Banks alleges that "since 2011" the Traffic Court "has refuse[d] to dispose of" several traffic tickets that he claims are "invalid[.]"  (ECF No. 2 at 3.)[2]  It appears that Banks's CDL was suspended or revoked as a result of nonpayment on these tickets.  (*Id.* at 4.)  Banks asserts that he wants his CDL "reinstated immediately[,]" and that he has lost "blown labor" and been unable to obtain gainful employment because the Traffic Court has spent the last "10 years trying to

---

[1] The factual allegations set forth in this Memorandum are taken from Banks's Complaint and all attached exhibits and documents attached thereto.  (ECF No. 2.)

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

enforce payment on [these] invalid tickets[.]" (*Id.*) He alleges that these attempts by the Traffic Court to enforce payment constitute the "criminal act" of "extortion[.]" (*Id.*) Banks asserts that he "spent 6 years in SCI Fayette . . . [and] upon release" his "debt [was] paid to society in full." (*Id.*) He claims that he then sought to renew his CDL but the Traffic Court "refuse[d] to allow [him] to seek gainful employment" and also refused him the opportunity to "appeal to a higher court of law which is unconstitutional and a violation of [his] civil rights[.]" (*Id.*) Based on these allegations, Banks claims that his due process rights have been violated. As relief, he wants his CDL reinstated and $3 million in damages for "pain and suffering[.]" (*Id.*)

This is not the first case Banks has brought against the City of Philadelphia[3] and the Traffic Court this year. By Memorandum and Order dated May 4, 2020, the Court previously dismissed a similar civil action filed by Banks on February 10, 2020 ("the February Action"). *See Banks v. The City of Philadelphia, et al.*, E.D. Pa. Civ. A. No. 20-787 (ECF Nos. 5, 6.) In the February Action, Banks alleged that because his tickets resulted from criminal activity, the Traffic Court lacked jurisdiction to adjudicate those tickets, which he believed should have been handled in his criminal case. (February Action, ECF No. 5 at 1-2). Banks also claimed that "since he has served his criminal sentence and/or because the Traffic Court lacked jurisdiction, the tickets, and presumably any residual consequences of the tickets [including his CDL suspension or revocation], should be invalidated." (*Id.* at 2.) Banks similarly claimed that the Traffic Court was engaging in the criminal act of extortion and should be investigated by the

---

[3]  Although the Complaint also names the City of Philadelphia in the caption, it is not clear Banks intended to sue the City of Philadelphia because the only Defendant identified on Banks's form Complaint in the designated section for defendants is "Traffic Court". (ECF No. 2 at 1-2.) However, in an abundance of caution, the Court construes the Complaint liberally to include the City of Philadelphia as a Defendant and addresses any potential claims against the City accordingly.

United States Attorney's Office and the Federal Bureau of Investigation. (*Id.*) Upon review, the Court ultimately dismissed Banks's claims with prejudice for lack of subject matter jurisdiction and as legally frivolous. (*Id.* at 4-5; ECF No. 6 in the February Action at 1.)

As the Court previously explained in its May 4, 2020 Memorandum time, Banks has a history of filing civil actions in this Court

> against the Traffic Court based on the underlying tickets. In 2013, he filed two civil actions challenging the same tickets . . . on the basis that he had paid his debt to society by serving his criminal sentence. *See Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1296 (ECF No. 5) & *Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1714 (ECF No. 3). The cases were consolidated and dismissed on the basis that the Traffic Court was entitled to Eleventh Amendment immunity and that this Court lacked jurisdiction to review state-court judgments. *See Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1296 (ECF No. 4) & *Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1714 (ECF No. 2).

(ECF No. 5 in the February Action at 2-3.) Despite these prior dismissals, Banks brings the present action alleging substantially the same claims and seeking similar forms of relief.

## II.   STANDARD OF REVIEW

The Court will grant Banks leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Banks's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i), which requires the Court to dismiss the Complaint if it frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Banks is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

3

### III.  DISCUSSION

#### A.  *Rooker-Feldman* Doctrine

The Court lacks jurisdiction to invalidate the judgments of the Traffic Court with respect to Banks's CDL suspension or revocation to "reinstate" it as Banks's requests.  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Based on that principle, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted).  "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

Here, Banks essentially complains that the Traffic Court suspended or revoked his CDL in violation of his due process rights over a decade ago and he has been trying to challenge that judgment ever since – long before he initiated this action.  Furthermore, Banks asks this Court to reinstate his CDL – essentially asking the Court to vacate the Traffic Court's final judgments that Banks alleges were unconstitutional.  As was the case in the February Action, Banks again invites this Court to review and reject the Traffic Court's final judgment – the suspension or revocation of his CDL as a result of unpaid tickets – which was entered long before he filed his Complaint in this case.  Accordingly, the *Rooker-Feldman* doctrine applies and the Court lacks

jurisdiction over Banks's claims.[4]  *See Douris v. New Jersey*, 500 F. App'x 98, 99 n.2 (3d Cir. 2012) (per curiam) (agreeing that *Rooker-Feldman* precluded challenge to traffic tickets because "[a]t the time [plaintiff] filed his federal complaint, he had already contested his traffic ticket in municipal courts in New Jersey and lost, and had attempted to appeal the guilty finding in the Superior Court of New Jersey"); *Catalano v. City of Trenton*, Civ. A. No. 18-11646, 2019 WL 2315092, at *1 n.1 (D.N.J. May 31, 2019) ("To the extent that any of Plaintiff's claims can be construed to challenge the outcome of the parking ticket hearing, these are barred by the *Rooker-Feldman* doctrine, which divests federal courts of jurisdiction 'if the relief requested effectively would reverse a state court decision or void its ruling.'") (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006)).

### B. Traffic Court is Entitled to Eleventh Amendment Immunity

As the Court previously found in the February Action, to the extent, if at all, the *Rooker-Feldman* doctrine does not preclude Banks's claims, any remaining claims against the Traffic Court are barred by Eleventh Amendment immunity.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Banks's claims against the Traffic Court fail because state courts such as the Traffic Court are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity

---

[4]  Based on the facts alleged and given the passage of time, it is reasonable to infer that Banks challenges a final judgment issued by the Traffic Court and that the Traffic Court proceedings have long since ended.  *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 459-60 (3d Cir. 2019).

from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (state courts in Pennsylvania, including the Traffic Court, share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, there is no legal merit to these claims.

### C. No Basis for a Claim Against the City of Philadelphia

The Court also previously explained in its May 4, 2020 Memorandum and Order that to the extent the *Rooker-Feldman* doctrine does not preclude Banks's claims against the City of Philadelphia, those claims are clearly time-barred. That remains true in this action as well. Pennsylvania's two-year limitations period applies to Banks's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time Banks "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). As it is clear Banks knew of the factual basis for his claims by 2013 given his prior litigation about the same subject matter, his Complaint in the instant matter, which he filed on July 15, 2020, is time-barred. In any event, it does not appear that any legal basis exists for a claim against the City based on the events of which Banks complains, which concern the adjudication of traffic tickets by a state court.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Banks leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject matter jurisdiction. Banks should note that the

repeated filing of duplicative lawsuits raising claims that the Court has already addressed and dismissed may result in restrictions on filing privileges in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990).